## Wills v. Capobianco

*Michael C. Rainone*, for plaintiff.

*Wexler, Mulder & Weisman*, for defendant.

FLOOD, J., February 19, 1957.—We have before us defendant's preliminary objections to an amended complaint in equity. Plaintiff seeks a decree ordering defendant specifically to perform an alleged contractual obligation to transfer title of a certain automobile to plaintiff and awarding plaintiff money damages for the detention or loss in value of the automobile. In both her original and amended complaints plaintiff has alleged that the parties purchased the automobile while living together, that each contributed to the price, that title was taken in defendant's name alone in order to save certain expenses and that, contrary to her alleged contractual obligation, defendant has retained possession of the car ever since the parties suffered a disagreement and ceased living together.

In her original complaint plaintiff relied entirely upon an attached writing as establishing the alleged contract. The writing did not purport to be a contract. It was signed by defendant only, was addressed "To Whom It May Concern" and contained no promise. Dated the day of the alleged purchase, it recited that the parties "jointly own" the automobile and that defendant's "monetary share" in it was $800. It concluded as follows: "The purpose of this instrument is to state that the car is to be considered the sole property of Florence Jane Wills and should I die before any change is made in the above arrangement, Florence Jane Wills is to be considered the real and sole owner to do with the said automobile whatever she wishes. She is to be the owner of said car as if she had paid the entire purchase price of $2,461.23."

In our opinion dated October 19, 1956, sustaining defendant's preliminary objections, we stated that the facts alleged did not show a promise supported by con-

sideration and that even if a valid agreement were inferred, the case belonged on the law side of the court. We stated that equity would have jurisdiction only if facts were alleged which showed plaintiff to be the beneficiary of a resulting trust. We suggested that if the parties were merely joint owners, as the writing appeared to indicate, and they could not agree upon the use, sale or disposition of the automobile, plaintiff's appropriate remedy would seem to be a petition under the Act of April 27, 1927, P. L. 460, 12 PS §1791-1795, for the appointment of a trustee to sell the chattel and distribute the net proceeds in accordance with the parties' respective interests. Plaintiff was given leave to file an amended complaint, setting forth more completely the facts surrounding the purchase of the automobile, its use and the intentions of the parties, so that the precise nature of her interest might be determined, or a petition under the Act of 1927.

The amended complaint in equity reiterates the original allegations and adds the following: "It was further understood and agreed between the parties that the defendant could use the car so long as the parties lived together but once the roommate relationship terminated, the car belonged to plaintiff in consideration of the plaintiff (sic) having had the use of the car and plaintiff having paid two-thirds of the cost of said automobile." Plaintiff has also added an allegation that she has rejected an offer by defendant to sell the car and give plaintiff her proportionate share of its depreciated value.

If the parties had agreed at the time of the purchase that plaintiff should receive the whole beneficial interest in the automobile, leaving defendant only the bare legal title, defendant would have held the entire beneficial interest in trust for plaintiff and equity could enforce the trust: Restatement of the Law of Trusts, §454, comments g and i; §199, comment a.

However, the writing, upon which plaintiff relies, discloses that defendant retained for the time being her beneficial interest in the automobile. Despite the language that it was to be considered the property of plaintiff, the later language qualified this by stating that if defendant died "before any change is made in the above arrangement" plaintiff is to be considered the sole owner to do with the car what she wants as if she had paid the whole purchase price. Since the parties owned the chattel jointly after the purchase, the joint ownership persists unless defendant subsequently gave her interest to plaintiff. Plaintiff now relies upon an alleged promise by defendant to make a gift of her interest to plaintiff when the parties ceased living together. Such a promise, accompanied by consideration, would support an action in assumpsit but would not be enforcible in equity, money damages being deemed adequate compensation for ordinary losses from breach of contracts relating to the sale of chattels.

Actually, it is not clear from the amended complaint whether this alleged oral promise even constituted a valid contract. If the alleged promise was part of the purchase, there was obviously consideration for it. We cannot assume the promise was part of the purchase, since plaintiff alleges that the writing sets forth the "exact agreement" and it does not mention this promise. If the promise was made after the purchase, it was purely gratuitous, since defendant already had a right to the use of the automobile arising out of her joint ownership. However, in view of the informal character of the writing, we cannot say in advance of trial that it would preclude proof of the oral agreement alleged.

The fact that her right to recover seems to us doubtful does not warrant the sustaining of a demurrer to her complaint insofar as it seeks money damages for breach of contract, but the case must be certified to the

law side of the court since plaintiff's attempt to state a case within the equity jurisdiction of the court has twice failed.

*Order*

Defendant's first and fourth preliminary objections previously filed are sustained and the case is certified to the law side of the court. The remaining objections are overruled.